Nunc Pro Tunc: 3/26/09

E-Filed: 5/20/09

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SHAUN DONOVAN, Secretary of the United States Department of Housing and Urban Development,<br><br>Plaintiff,<br><br>v.<br><br>PROPERTY I.D. CORP.; REALOGY CORP. F/K/A CENDANT CORP.; NRT/COLDWELL BANKER RESIDENTIAL BROKERAGE CORP.; MASON-MCDUFFIE REAL ESTATE, D/B/A PRUDENTIAL CALIFORNIA REALTY F/K/A DUTRA REALTY ENTERPRISES INC.; PICKFORD REALTY LTD. D/B/A/ PRUDENTIAL CALIFORNIA REALTY; PICKFORD GOLDEN STATE MEMBER LLC; PROPERTY I.D. of EAST BAY, LLC; PROPERTY I.D. ASSOCIATES, LLC; and PROPERTY I.D. GOLDEN STATE, LLC,<br><br>Defendants. | Civil No.: 07-3372 (GHK/CWx)<br><br>**CONSENT DECREE** |

This Consent Decree is entered into between Plaintiff THE SECRETARY OF THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT ("the Secretary" or "HUD"), and Defendant MASON-MCDUFFIE REAL ESTATE, INC. ("MMRE") along with MMRE's shareholders, owners, officers, and members, through their respective undersigned counsel, for the purpose of fully resolving all issues raised between the Secretary and MMRE by the above-captioned case. The term "Parties" refers to the Secretary and MMRE.

## BACKGROUND

1. This case involves the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2607, and its implementing regulations at 24 C.F.R. Pt. 3500. Section 2607(a) of RESPA prohibits the giving or accepting of any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person. Section 2607(b) prohibits the giving or accepting of any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service involving a federally related mortgage loan other than for services actually performed.

2. In May 2005, the Secretary, pursuant to his authority to investigate possible violations of RESPA § 2607, opened an investigation of Property I.D. Corporation, several real estate brokers including MMRE, and joint ventures that Property I.D. formed with the various brokers for potential violations of RESPA's "anti-kickback" and "anti-unearned fee" provisions related to the sale of Natural Hazard Disclosure Statements ("NHDS" or "NHDS reports"). NHDS reports are often used to satisfy real estate settlement disclosure requirements under California law and are considered by HUD to be real estate settlement services subject to RESPA. The joint venture involving MMRE is Property I.D. of East Bay, LLC ("East Bay").

3.      The Secretary's investigation proceeded and in May 2007, the Secretary brought the above-captioned lawsuit against, among others, MMRE and East Bay. The Complaint filed by the Secretary alleges, among other things, that (a) the defendants created and operated sham entities; (b) the sole purpose of these sham entities was for Property I.D. to funnel payments to the broker-defendants in exchange for the referral of settlement service business to Property I.D., and for Property I.D. and the broker-defendants to split unearned fees in violation of RESPA §§ 2607(a) and 2607(b); and (c) the defendants profited from these violations. As relief, the Secretary sought a permanent injunction enjoining the RESPA violations and an accounting and the disgorgement of profits related to these violations.

4.      MMRE denies that it violated RESPA at any time, and specifically denies that its involvement with East Bay in any way constituted a violation of RESPA.

5.      Nevertheless, and in order to resolve this matter without the need to incur further liabilities for attorneys' fees and court costs, MMRE has agreed to enter into this Consent Decree and pay to the Secretary a settlement amount of $70,000.

6.      MMRE represents that it has terminated the operation of, and its participation in, East Bay.

7.      MMRE also represents that it is willing to consider and treat NHDS reports as settlement services for purposes of RESPA § 2602(3).

8.      The Secretary represents that the $70,000 MMRE has agreed to pay

satisfies the Secretary's request in this lawsuit for an accounting and the disgorgement of profits.

9. The Secretary represents that this Consent Decree serves the consumer purposes of RESPA.

## CONSENT DECREE

IT IS THEREFORE NOW ORDERED, ADJUDGED and DECREED as follows:

1. MMRE is enjoined from engaging in any activities that are alleged in the Complaint to violate RESPA and will comply with RESPA and its implementing regulations in the future with respect to NHDS reports.

2. MMRE is enjoined from resuming the operation of, and its participation in, East Bay.

3. MMRE will, in the future, consider and treat NHDS reports such as those at issue in the Complaint as real estate settlement services within the meaning of 12 U.S.C. § 2602(3).

4. Should MMRE enter into a joint venture or other business arrangement concerning NHDS reports, it will conduct it in accordance with RESPA, its implementing regulations, and HUD's policy statements related to RESPA.

5. MMRE will pay to the Secretary a total of $70,000, on the following schedule. MMRE will pay $20,000 by February 20, 2009, an additional $20,000 by

July 1, 2009, and $30,000 by December 31, 2009.  Payment shall be made by certified check to the U.S. Treasury and shall be sent via overnight delivery to undersigned counsel for Plaintiff.

6.   MMRE will cooperate with HUD and the Court in this action by responding to reasonable requests for information, documents, and testimony.

7.   HUD and their officials, employees, agents, and representatives hereby waive, release, remit, and compromise any and all claims against MMRE arising out of the sale of NHDS reports prepared by MMRE, Property I.D., or East Bay between 1999 and 2005, including, but not limited to, any and all claims for monetary relief, damages, attorney's fees, and/or costs as alleged in this lawsuit.

8.   MMRE waives, releases, remits, and compromises any and all claims against HUD, the U.S. Department of Justice, and their officials, employees, agents, or representatives arising out of HUD's investigation of and litigation against MMRE, including, but not limited to, any and all claims for monetary relief, damages, attorney's fees, and/or costs.

9.   MMRE also waives the right to argue that the Memorandum Opinion of March 24, 2008, entered in the above-captioned case should be vacated.

10.   This Consent Decree constitutes the complete agreement between the parties as to the matters addressed herein.

11.   This Consent Decree is freely and voluntarily entered into without any

duress or compulsion whatsoever.

12. The parties have the legal authority to enter into this Consent Decree, and each party has authorized its undersigned counsel to execute it on its behalf.

13. Failure by any party to enforce any provision of this Consent Decree shall not be construed as a waiver by such party of any provision nor in any way affect the validity of this Consent Decree or any part thereof.

14. If any provision of this Consent Decree is determined to be invalid or unenforceable for any reason, then such provision shall be treated as severed from the remainder of the Consent Decree and shall not affect the validity and enforceability of all of its other provisions, as long as such severance does not materially change the parties' rights and obligations.

15. Each of the Parties to this Consent Decree shall bear their own attorney's fees and costs.

FOR THE PLAINTIFF:

        MICHAEL F. HERTZ
        Acting Assistant Attorney General

        THOMAS P. O'BRIEN
OF COUNSEL        United States Attorney
JOHN P. OPITZ
Associate General Counsel for
Finance and Regulatory
Compliance
PETER S. RACE        *Rachel J Hines* (signature)
Assistant General Counsel for        ARTHUR R. GOLDBERG
Program Compliance        Assistant Branch Director
KIRSTEN IVEY-COLSON        RACHEL J. HINES
Attorney-Advisor        Senior Counsel
Office of General Counsel        Federal Programs Branch, Room 7314
U.S. Department of Housing        Civil Division
and Urban Development        <u>Mailing Address</u>
451 7th Street S.W.        Post Office Box 883
Washington, D.C. 20410        Washington, D.C. 20044
        <u>Delivery Address</u>
        20 Massachusetts Avenue, N.W.
        Washington, D.C. 20001
        Telephone: (202) 514-5532
        Facsimile: (202) 318-7604
DATED: February 6, 2009        Email: rachel.hines@usdoj.gov

FOR MMRE:

DONAHUE GALLAGHER WOODS LLP

*William R. Hill* (signature)

William R. Hill
Attorneys for Mason-McDuffie Real Estate, Inc.
Mailing Address
Post Office Box 12979
Oakland, CA 94604-2979
Delivery Address
300 Lakeside Drive, Suite 1900
Oakland, CA 94612-3570
Telephone: (510) 451-0544
Facsimile: (510) 832-1486
Email: rock@donahue.com

DATED: February 5, 2009

IT IS SO ORDERED, this ___26th___ day of __March__, 2009.

_____
RT